HYDRICK DAVIS, PETITIONER-DEFENDANT, v. EDWARD LOTZ, TRADING, ETC., RESPONDENT-PROSECUTOR.

Submitted January 21, 1941—Decided June 17, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *James J. Skeffington.*

For the defendant, *Nathan Rabinowitz.*

The opinion of the court was delivered by

Donges, J.  Defendant, thirty years of age, had been employed at the ice plant of prosecutor for about nine years, cutting and selling ice, and doing other work.  Defendant had suffered several injuries prior to an injury alleged to have been sustained by him on August 1st, 1937, but none was of serious nature and they are not asserted to have any relation to his present condition.  He claims that at 4:30 P. M. on August 1st, 1937, in the course of his employment, while carrying a fourteen feet long ladder, he tripped and fell from a platform a distance of about four feet to the ground below, striking his head violently, and that the ladder fell across his back.  He asserted that he believed he was unconscious for four or five minutes.  He says that he notified his employer of this accident the next day.  The notice at any time within more than a year is denied by the employer.  Defendant, despite some trouble with his eyes, continued to work until September 2d, 1938, when he fell on his back.  While pulling a block of ice weighing 300 pounds the tongs stripped through the ice causing him to fall backwards and, as described by defendant: "They pulled the corner off the block of ice, about the size of a baseball.  That fell between my legs; as I got overbalanced both feet slipped from under me and I fell flat on my back.  My head hit the floor.  I fell on the piece of ice and it caught me in the lower part of my spine."  It is admitted that notice of this accident was given to the employer the same evening and that the defendant did not thereafter return to work and that he has since been incapacitated for work.

The defendant called a doctor the next morning, who sent him to the Paterson General Hospital.  He continued under medical treatment from that time to the date of the hearing.

On November 4th, 1938, defendant filed his petition in the Workmen's Compensation Bureau alleging the accident of September 3d, 1938; and on January 25th, 1939, another petition was filed alleging the accident of August 1st, 1937.  Both petitions sought compensation for the petitioner's condition.

The conclusion of the deputy commissioner was that

defendant had suffered an accident on August 1st, 1937, and, also, on September 2d, 1938, and had given due notice of such accidents to his employer, and that such accidents are responsible for defendant's condition.

On appeal to the Passaic County Court of Common Pleas, Judge Davidson concluded that the defendant had suffered both injuries but that the employer had not been given notice of the accident of August 1st, 1937. He determined as follows: "Admittedly the second accident, that of September 2d, 1938, was reported, and is quite obviously connected with petitioner's disability for he was immediately forced to cease work and continues unable to resume. This can hardly have been a mere coincidence, and the only logical conclusion is that the accident at least aggravated a pre-existing condition.

"While the medical testimony is divergent in many respects there is general agreement that petitioner is afflicted with multiple sclerosis and is totally and permanently disabled."

Upon a review of the evidence we are of the opinion that the award should be affirmed. Concededly the petitioner was able to work up to the time of the accident of September 2d, 1938, and thereafter was totally and permanently disabled. It is not necessary that the accident on this date should be shown to be the sole contributing cause to the condition of petitioner. If a pre-existing condition was aggravated thereby, the injury is compensable. *Furferi* v. *Pennsylvania Railroad Co.,* 117 *N. J. L.* 508. The testimony of some of the medical experts was sufficient, we think, to warrant the inference that the accident of September 2d, 1938, had an effect upon petitioner's condition. Dr. Beling testified that it probably aggravated his condition. The fact that this accident was immediately followed by complete disability is entitled to great weight. We think the evidence supports the finding that the accident of which notice was given was the probable cause of petitioner's disability in that it aggravated his former condition. It is not necessary that it be a certainty. *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *N. J. L.* 487; *Hercules Powder Co.* v. *Nieratko,* 113 *Id.* 195.

The judgment is affirmed, with costs.